DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed September 8, 2009, as part of its Answer and requesting that the Complaint be dismissed.
A case management conference was held October 8, 2009. Arn McKenna (McKenna) represented Plaintiff; Richard Newkirk appeared for Defendant.
This appeal concerns nonresidential property identified as Accounts 409162 and 058051. Plaintiff has submitted a Complaint seeking review for eight tax years: 2000-2001 through 2008-09. No appeals were filed for any of those years with the Benton County Board of Property Tax Appeals (BOPTA).
This court can, at most, hear appeals for the current tax year and the two prior years. ORS 305.288(1).[1] Therefore, tax years 2000-2001 through 2006-07 are beyond the reach of the court and must be dismissed. The following discussion applies to the 2007-08 and 2008-09 tax years only.
Oregon has a structured appeals system for taxpayers to follow when challenging the real market value assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2). *Page 2 
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For two tax years, 2007-08 and 2008-09, Plaintiff's representative knew of the BOPTA processes. McKenna stated he did not earlier appeal because he was waiting for certain other legal challenges to be resolved. That was not beyond his immediate control; earlier appeals *Page 3 
could have been filed. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for those later two years. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed for tax years 2000-2001 through 2008-09.
Dated this ___day of November 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November20, 2009. The Court filed and entered this document on November 20,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1